IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RONALD M. TRIMP,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br><br><br>　　　　　Defendant. | CV 23-79-H-KLD<br><br><br>ORDER |

This matter comes before the Court on Plaintiff Ronald Trimp's Motion for Attorney's Fees pursuant to Social Security Act § 206(b)(1) and 42 U.S.C. § 406(b). (Doc. 18). Defendant Commissioner of Social Security neither supports nor opposes Plaintiff's request for attorney's fees. (Doc. 19 at 2).

## I.   Background

In September 2021, Plaintiff filed an action in this Court seeking judicial review of the Commissioner's decision denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 et seq. *Trimp v. Kijakazi*, No. 6:21-cv-69-JTJ, Doc. 1 (D. Mont.). In November 2022, the Court reversed the Commissioner's decision, entered judgment in favor of Plaintiff, and remanded the case for further administrative proceedings. *Trimp,* No.

6:21-cv-69-JTJ, Docs. 14, 15. On February 8, 2023, the Court granted Plaintiff's unopposed motion for attorney's fees in the amount of $6,433.74 under the Equal Access to Justice Act (EAJA), 28 U.S.C § 2412(d). *Trimp,* No. 6:21-cv-69-JTJ, Doc. 18.

The Commissioner denied Plaintiff's application again on remand, and Plaintiff filed this action for judicial review in November 2023. (Doc. 1). The Commissioner stipulated to a remand (Doc. 13), and in April 2024 the Court entered judgment in favor of Plaintiff and again remanded the case for further administrative proceedings. (Docs. 14, 15). On August 5, 2024, the Court granted Plaintiff's unopposed motion for EAJA attorney's fees in the amount of $5,327.40. (Doc. 17).

Plaintiff prevailed on remand, and in December 2024 the Commissioner awarded Plaintiff past-due benefits in the amount of $123,411.70. (Doc. 18-1 at ¶ 4; Doc. 18-3 at 9). The Social Security Administration approved a fee agreement between Plaintiff and his representative at the agency level in the amount of $7,200. (Doc. 18-1 at ¶ 6; Doc. 18-3 at 9).

On January 29, 2025, Plaintiff filed the pending motion for attorney fees pursuant to 42 U.S.C. § 406(b) in the total amount of $23,652.93. (Doc. 18-1 at ¶ 7). Plaintiff's counsel represented Plaintiff under a contingency fee agreement providing for fees in the amount of 25 percent of past-due benefits for work

2

performed in federal court. (Docs. 18-1 at ¶ 3; 18-2 at 2). The $7,200 fee award to Plaintiff's agency-level representative, and the $23,652.93 in attorney's fees requested by Plaintiff's counsel for work performed in federal court, come to a total of $30,852.93—which is 25 percent of the $123,411.70 past-due benefits awarded.

## II.    Discussion

Under Section 406(b), when a district court enters judgment in favor of a Social Security claimant "who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled…." 42 U.S.C. § 406(b). Section 406(b) does not displace contingent-fee agreements, but "rather calls for court review of such arrangements as an independent check," to assure that the fees sought are reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002). The Ninth Circuit has identified several factors that are relevant to the reasonableness inquiry, including whether the attorney's performance was substandard, whether the attorney engage in dilatory conduct, and whether the fees sought were excessively large in relation to the benefits achieved. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009).

Here, the fees requested by Plaintiff's counsel do not exceed the contractual

agreement for 25 percent of past-due benefits or the limits of Section 406(b). Applying the *Gisbrecht* factors, the Court concludes that the requested fee award is reasonable. There is no indication that counsel's performance was substandard or that counsel engaged in dilatory conduct. The Court has reviewed the billing records submitted by Plaintiff's counsel and finds that the time spent and resulting hourly rates are reasonable under the circumstances. (Docs. 18-1 at ¶ 9; Docs. 18-4. 18-5, 18-6). The fees sought are not excessively large in relation to the benefits achieved, which include a past-due benefit award in the amount of $123,411.70. The Court therefore finds that the fees sought are reasonable for the services rendered and will grant Plaintiff's motion.

### III.  Conclusion

In accordance with the above, IT IS ORDERED that Plaintiff's Motion for Attorney's Fees (Doc. 18) is GRANTED. Plaintiff is awarded attorney's fees under 42 U.S.C. § 406(b) in the amount of $23,652.93, to be paid out of the sums withheld by the Commissioner from Plaintiff's past due benefits.

Plaintiff's counsel acknowledges that Plaintiff is entitled to a total refund of $11,736.62 in EAJA fees previously awarded in February 2023 and August 2024. (Doc. 18-1 at 3). *See Gisbrecht*, 535 U.S. at 796 (explaining that fees may be awarded under both the EAJA and Section 406(b), "but the claimant's attorney must refund to the claimant the amount of the smaller fee ….") (quotation

omitted). Accordingly,

IT IS FURTHER ORDERED that upon receipt of the Section 406(b) fee award, Plaintiff's counsel shall reimburse Plaintiff for $11,736.62 in EAJA fees.

The Clerk of Court is directed to also file a copy of this Order in *Trimp v. Kijakazi*, No. 6:21-cv-69-JTJ.

DATED this 27th day of February, 2025.

_____
Kathleen L. DeSoto
United States Magistrate Judge